**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-22725-CV**
**(Underlying Criminal Case No.09-60304-Cr-Moore**

CHARLES CLAYTON
   Movant,

v.


UNITED STATES OF AMERICA,
   Respondent.
_____/


## MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MEMORANDUM OF LAW IN SUPPORT


   Charles Clayton through undersigned counsel, respectfully moves this Court moves this Court to correct his sentence, pursuant to 28 U.S.C. § 2255.  This Court sentenced Mr. Clayton as a career offender based on the residual clause of U.S.S.G. § 4B1.2(a)(2).  Under the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Clayton does not qualify as a career offender, and his career-offender sentence violates due process of law.  Accordingly, Mr. Clayton requests that this Court grant this motion and re-sentence him without the career offender enhancement.

## PROCEDURAL HISTORY

On November 4 2009, Mr. Clayton entered his not guilty plea to a one count indictment charging him with Possession with Intent to Distribute 500 grams or more of Cocaine. [DE 12].

On July 9, 2010 the government filed a notice to seek enhanced penalties pursuant to Title 21 U.S.C. 851. [DE33].

On January 11, 2010, Mr. Clayton pled guilty to the single count in the indictment charging him with Possession with Intent to Distribute 500 grams or more of cocaine. [DE38].

Prior to his sentencing, counsel for Mr. Clayton filed a supplemental objection to the PSI report in which he asserted that his 1994 conviction for Aggravated Battery did not qualify as a "crime of violence." [DE 92].  On July 26, 2010 Mr. Clayton was sentenced to 360 months incarceration.

On February 11, 2013, Mr. Clayton filed an initial motion pursuant to Title 28 U.S.C. 2255. [DE 125].  The court adopted the Magistrate Judge's Report and Recommendation denying Mr. Clayton relief. [DE 14-15 in Case No. 13-60341-CV-Moore]. In addition, the court denied Mr. Clayton's Motion for Certificate of Appealability DE 15 and 31 in Case No. 13-60341-CV-Moore].

## GROUNDS FOR RELIEF

In *Johnson*, the Supreme Court declared the residual clause of the Armed Career Criminal Act (ACCA)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—to be

2

"unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* Following *Johnson*, Mr. Clayton is no longer career offender and was sentenced in violation of due process.

### I.   Mr. Clayton No Longer Qualifies as a Career Offender

A defendant is a career offender if: (1) he was at least eighteen when he committed the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A "crime of violence" is defined as certain felonies that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [enumerated-offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]." U.S.S.G. § 4B1.2(a).

Mr. Clayton no longer qualifies as a career offender because *Johnson* invalidated the residual clause, and, without the residual clause, he does not have two prior convictions that continue to qualify as predicate offenses under

U.S.S.G. 4B1.2(a) and his underlying offense does not continue to qualify as a predicate offense under U.S.S.G. § 4B1.2(a).

## II. *Johnson* Invalidates § 4B1.2(a)(2)'s Residual Clause

The career offender guideline's residual clause—"or otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2), repeats the ACCA's residual clause verbatim. Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Eleventh Circuit, and every other circuit, interprets the clauses identically. *See, e.g.*, *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010)("[T]he residual clauses are identical[.] Accordingly, we look to the Supreme Court's opinions applying the ACCA . . . for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines."). It has therefore construed them interchangeably. *See, e.g.*, *United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008).

As a result, *Johnson*'s declaration that the ACCA's residual clause is void for vagueness applies equally to § 4B1.2(a)'s residual clause. Indeed, the Court in *Johnson* relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "mak[e] sense of the residual clause." *See* 135 S. Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)). And the Court has granted certiorari, vacated, and remanded ("GVR") nine lower court decisions in which defendants had been sentenced

4

under § 4B1.2(a)'s residual clause, including four cases on collateral review, in light of *Johnson*.[1]  Accordingly, and revealingly, the United States government has expressly conceded in appellate courts around the country that *Johnson* invalidates the residual clause in § 4B1.2(a)(2).[2]

Admittedly, the Eleventh Circuit has rejected the government's well-considered, national position in *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015*), pet. for reh'g en banc pending* (Oct. 13, 2015).  However, as argued in the pending rehearing petition, the panel's conclusion is unpersuasive.  Not only does *Matchett*'s reasoning contravene *Johnson* itself, it contravenes the Supreme

---

[1] The GVRs included seven career offender cases, *see Vinales v. United States*, 135 S. Ct. 2928 (2015); *Denson v. United States*, 135 S. Ct. 2931 (2015) (28 U.S.C. § 2255 motion); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (28 U.S.C. § 2255 motion); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (28 U.S.C. § 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (28 U.S.C. § 2255 motion); one § 2K2.1 case, *Talmore v. United States*, 135 S. Ct. 2937 (2015), and one § 7B1.1 case, *Cooper v. United States*, 135 S. Ct. 2938 (2015).

[2] *See, e.g.*, Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013).  In *Peugh*, the Court emphasized that the Guidelines, while advisory, nonetheless serve as the baseline and anchor of the federal sentencing regime.  *See id.* at 2087-88; *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016).  The reasoning in *Matchett* is irreconcilable with that proposition, and, in fact, relies exclusively on circuit decisions that pre-date *Peugh*.  Even the circuits that issued those pre-*Peugh* decisions are no longer relying on them.

Most recently, for example, the Sixth Circuit issued a precedential decision harshly criticizing *Matchett* as "flawed," "mistaken," and "erroneous."  *United States v. Pawlak*, ___ F.3d ___, 2016 WL 2802723 (6th Cir. May 13, 2016).  In doing so, the Sixth Circuit overruled its prior decision in *United States v. Smith*, 73 F.3d 1414 (6th Cir. 1996), in which it had held the Guidelines were not susceptible to a vagueness challenge and which the *Matchett* panel had expressly cited with approval. *Matchett* also relied heavily on *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990) and *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), both of which have since been called into question following *Johnson*.  *See United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015) ("[t]he reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*"); *United States v. Ramirez*, 799 F.3d 845, 856 (7th Cir. 2015) ("proceed[ing] on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well").  Ultimately, in the eight months since the *Matchett* rehearing petition has remained pending without resolution, "[a]ll ten of the other courts of appeals that have decid-

ed this question have either held or assumed that *Matchett* is incorrect." *In re Robinson*, __ F.3d __, 2016 WL 1583616, at *2 n.2 (11th Cir. April 19, 2016) (Martin, J., concurring in the judgment).

Mr. Clayton is confident that the anomalous decision in *Matchett* is incorrect and short-lived. Therefore, Mr. Clayton maintains that, after *Johnson*, he is no longer a career offender. Accordingly, he believes that he is entitled to relief.

### III.   Mr. Clayton's **Claim is Cognizable Under § 2255**

Section 2255(a) authorizes a federal prisoner claiming "that [his] sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Clayton's sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in USSG § 4B1.2(a). Thus, Mr. Clayton's claim for relief is constitutional in nature and thus cognizable under § 2255(a).

### IV.   *Johnson* Applies Retroactively to Cases on Collateral Review

In *Welch v. United States*, the Supreme Court squarely held, and without qualification, that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." 578 U.S. at __, 136 S. Ct. 1257, 1268 (2016); *see id.* at 1265 ("the rule announced in *Johnson* is substantive"). Because Mr. Clayton's § 2255 motion is based on the substantive rule announced in *Johnson*, it applies

retroactively to this case on collateral review. The Eleventh Circuit reached that conclusion even before *Welch* was decided. *See In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (observing that, if the petitioner, who was sentenced under the Guidelines' residual clause, "were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively" to his case).

## V. Mr. Clayton's Conviction for Aggravated Battery is No Longer a Crime of Violence and Therefore is No Longer a Career Offender

An aggravated battery in violation of Fla. Stat. § 784.045, is a simple battery, in which the defendant either (1) "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement," or (2) "uses a deadly weapon." Like any other Florida battery, aggravated battery can be committed by a non-consensual and non-violent "touching." The Florida jury instructions make clear that the "touching or striking" component is a single, indivisible element. Accordingly, under the categorical approach, and the "least culpable act" rule*, see Moncrieffe v. Holder*, 133 S.Ct. 1678, 1684 (2013), every conviction for aggravated battery must be considered a mere non-consensual "touching" in which the offender either knowingly causes great bodily harm, or uses a deadly weapon. And after *Descamps* and *Estrella*, both alternatives are overbroad when compared to an offense that has "as an element" the use or threatened use of "violent force" against another. *Curtis Johnson v. United States*, 559 U.S. 133 (2010).

A person can knowingly cause great bodily harm to another with only *de minimis* force – for instance, by softly applying a lotion or toxin to another's skin, know-

ingly it will cause a severe allergic reaction. And notably, the second alternative, "using a deadly weapon" during a battery, does not require that the weapon ever "touch" the victim. Conviction is permissible if the defendant simply holds the weapon while committing a simple battery. *See, e.g., Severance v. State*, 972 So.2d 931, 934 (Fla. 4th DCA 2007) (en banc) (clarifying that to "use a deadly weapon" for purposes of the aggravated battery statute "cover[s] *all* uses;" the Legislature "did not intend to limit the manner or method of use;" therefore, it is unnecessary that the defendant use the weapon to commit the touching that constitutes the battery; it is sufficient if the defendant simply "hold[s] a deadly weapon without actually touching the victim with the weapon").

Finally, the term "deadly weapon" in § 784.045(1)(a)(2) is itself indeterminate and overbroad. According to Florida's standard instruction for "aggravated battery," "A weapon is a 'deadly weapon' if it is used or threatened to be used in a way likely to produce death or great bodily injury." And that broad definition does not necessitate the use or threat of violent force in every case. Poison is clearly a "deadly weapon" within that definition, and it can be easily administered to another without violent force.

While admittedly, in *Turner v. Warden Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013) the Court held that an aggravated battery conviction qualified as a violent felony within the ACCA's elements clause, *id.* at 1341, the Court did not conduct the type of strict, element-by-element comparison – and overbreadth analysis – required by the categorical approach after *Descamps*. The Court did not consider

how the Florida courts have interpreted the language of the statute, or that Florida's standard jury instructions confirm that the "touches or strikes" component of the statute is indivisible. Since *Turner*'s elements clause analysis thus contravenes the approach now-dictated by *Descamps*, it should not preclude relief at this time. *See, e.g., United States v. Howard*, 742 F.3d 1334, 1338 (11th Cir. 2014)(acknowledging that *Descamps* had unsettled the "settled law" of this Circuit, and required that the Court revisit its earlier decision in *United States v. Rainer*, 616 F.3d 1212, 1213 (11th Cir. 2010); holding that "two crucial aspects of our decision in *Rainer* are no longer tenable after *Descamps*").

On June 8, 2016, the Court notably authorized an applicant whose ACCA enhancement was predicated upon a Florida aggravated battery conviction to file a second or successive §2255 motion in light of *Johnson*. *See In re Collie Williams*, Case No. 16-12513-J (11th June 8, 2016).  Since Mr. Clayton is similarly situated to Mr. Williams and has made the identical showing that he made, the Court should find here as well that it is sufficient to "warrant fuller exploration by the district court." *Holladay*, 331 F.3d at 1173-74.

## CONCLUSION

Because Mr. Clayton no longer qualifies as a career offender after *Johnson*, he respectfully requests that this Court grant this § 2255 motion and re-sentence him without the career offender enhancement.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:  */s/ Celeste S. Higgins*
Celeste S. Higgins
Assistant Federal Public Defender
Florida Bar No. 909718
150 W. Flagler Street, Suite 1700
Miami, FL 33130
Tel: (305) 530-7000; Fax: (305) 356-4559
Email: Celeste_Higgins@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 27, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Celeste S. Higgins*

**SERVICE LIST**

Mr. Clayton **v. United States of America**
**Case No.: 16-CV-22725-**
**United States District Court, Southern District of Florida**

**E-mail:**
Federal Public Defender's Office
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
Fax: (305) 536-4559
Attorney for the Plaintiff/Movant
Via: CM/ECF

**United States Attorney's Office**
99 N.E. 4 Street
Miami, Florida 33132
Tel. (305) 961-9100
Fax. (305) 530-7976
Attorney for the Defendant/Respondent
Via: CM/ECF